Filed 7/8/26  P. v. Contreras CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086165 |
| Plaintiff and Respondent, | (Super. Ct. Nos. RIF2200365, RIF2100573, RIF2205377, RIM2200393, RIM2202026 |
| v. | |
| EDWARD CONTRERAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Jennifer Gerard, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

Edward Contreras pled guilty to kidnapping, second-degree burglary, identity theft, and two counts of petty theft.  He also admitted certain

enhancements. The trial judge sentenced Contreras to 12 years in prison. On appeal, Contreras argues the trial court abused its discretion by denying his motion for a continuance on the day of sentencing so he could explore withdrawing his guilty pleas. Finding no error, we affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Between 2020 and 2022, the People charged Contreras with six felonies and four misdemeanors in five separate cases. Because Contreras had prior strike offenses, he faced a potential sentence for all cases combined of roughly 34 years to life. Contreras initially pled not guilty in each case.

An extended pre-trial period ensued, during which Contreras made three *Marsden*[1] motions to relieve his court-appointed counsel and obtained at least five continuances. At various points during this time, Contreras also retained three different attorneys to represent him.

On September 10, 2024, Contreras, represented by retained counsel, entered guilty pleas in all five cases. In case No. RIF2200365, Contreras pled guilty to kidnapping (Pen. Code § 207, subd. (a))[2] and admitted to a strike prior (§§ 667, subds. (c) & (e); 1170.12, subd. (c)), and an out-on-bail enhancement (§ 12022.1). In case No. RIF2100573, Contreras pled guilty to second-degree burglary (§ 459). And, in case Nos. RIF2205377, RIM2200393, and RIM2202026, Contreras pled guilty, respectively, to identity theft (§ 530.5, subd. (a)) and two petty theft counts (§ 488).

The court scheduled sentencing for September 25, 2024. On that date, at the request of the defense, the court continued sentencing to

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] All undesignated statutory references are to the Penal Code.

2

December 6, 2024.  When the December hearing arrived, the court continued sentencing to February 28, 2025, again at the defense's request.  Contreras, who was present at both hearings, personally confirmed that the new sentencing dates were either "timely" or "fine."

At the February hearing, Contreras, through yet a different counsel, sought removal of his attorney.  Contreras personally confirmed that desire, and the trial court appointed counsel who had asked for removal on Contreras's behalf.  The court then inquired whether defense counsel wanted to put anything on the record before sentencing.  Counsel responded, "I would like to put on the record that Mr. Contreras'[s] request from the Court is to withdraw his plea.  With that, the conflict panel would need time to prepare that motion" and "there are various issues that he believes would be founded a motion to withdraw [*sic*]."

The trial court denied Contreras's request.  It found "good cause" did not exist "to prevent the sentencing from occurring at this time," noting Contreras's case had been "set over several times."

The trial court sentenced Contreras to 12 years in prison for kidnapping, to run concurrently with a three-year term for second-degree burglary, nine days for identity theft, and time served for the petty thefts.

## III.  DISCUSSION

Contreras argues the trial court abused its discretion by denying his request to continue sentencing so he could prepare a motion to withdraw his guilty pleas, thereby depriving him of due process and effective assistance of counsel.  In response, the People contend Contreras failed to show good cause for a continuance.  We agree with the People.

In a criminal case, a continuance may only be granted upon a showing of "good cause."  (§ 1050, subd. (e).)  A trial court has wide discretion in

3

determining whether good cause exists.  (*People v. Beames* (2007) 40 Cal.4th 907, 920 (*Beames*).)  In making that determination, trial courts consider " ' " 'not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion.' " ' " (*People v. Doolin* (2009) 45 Cal.4th 390, 450 (*Doolin*).)  A showing of good cause also requires that both counsel and the defendant have acted with due diligence (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037 (*Jenkins*)), but the trial court may not exercise its discretion " 'so as to deprive the defendant or his attorney of a reasonable opportunity to prepare.' " (*Doolin*, at p. 450.)

We review a court's decision on a motion for a continuance for an abuse of discretion.  " 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118 (*Mungia*).)  A trial court's "discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*Beames*, *supra*, 40 Cal.4th at p. 920.)  "In the absence of a showing of an abuse of discretion and prejudice to the defendant, a denial of his or her motion for a continuance does not require reversal." (*People v. Samayoa* (1997) 15 Cal.4th 795, 840; accord *Beames*, at p. 920 ["[A]n order denying a continuance is seldom successfully attacked."].)

Here, Contreras did not explain to the trial court, and fails to explain to us, why he should be permitted to withdraw his guilty pleas.  " '[M]istake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment' " constitute good cause to withdraw a guilty plea. (*People v.*

4

*Dillard* (2017) 8 Cal.App.5th 657, 665.) But "[a] plea may not be withdrawn simply because a defendant has changed his or her mind." (*Ibid*.) Although counsel stated Contreras had "various issues" on which a motion to withdraw would be "founded," counsel did not expound upon these "issues," let alone explain what evidence he anticipated would support the motion. Such a general assertion based on vague promises of evidence to support a plea withdrawal falls short of demonstrating that a continuance would affect the outcome of the proceedings to Contreras's benefit. (See *Jenkins*, *supra*, 22 Cal.4th at p. 1038 [no abuse of discretion in denying continuance when defendant had not demonstrated continuance would be useful in producing specific relevant mitigating evidence]; *Mungia*, *supra*, 44 Cal.4th at p. 1118 ["In reviewing the decision to deny a continuance, '[o]ne factor to consider is whether a continuance would be useful.' "].)

Moreover, without such explanation, there is no basis to conclude that Contreras and his counsel were reasonably diligent with respect to the proposed motion. Once Contreras pled guilty, the court continued his sentencing hearing twice at the request of the defense, delaying the hearing from September 2024 to February 2025. In the five months between his pleas and the final sentencing hearing neither Contreras, who was present at the first two sentencing hearings, nor his counsel, advised the court of his wish to withdraw his pleas. Instead, Contreras merely affirmed at each hearing, when the trial court inquired whether the new sentencing dates were "fine" or "timely," that continuing sentencing to the later dates was acceptable. In seeking a continuance to set aside Contreras's pleas, counsel provided no justification for the five-month delay in requesting yet another continuance to file a motion seeking to set aside the plea. (See *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850 ["[L]ateness of the request [for continuance] may be

5

a significant factor justifying denial absent compelling circumstances to the contrary"].)

In sum, under our deferential standard of review and considering all the circumstances and reasons provided to the trial court, its decision to deny the continuance was within the bounds of reason. Contreras did not show he acted with diligence, did not provide compelling justification for the apparent delay in bringing up his desire to withdraw his plea, and did not show any expected benefit if the court were to grant the continuance. (See *Doolin*, *supra*, 45 Cal.4th at p. 450.) On these facts, the trial court's finding that good cause was lacking, given sentencing had been "set over several times" was neither arbitrary nor irrational. We see no abuse of discretion.[3]

Contreras argues because counsel was appointed on the day of sentencing, counsel had "very little time to meet with, consult and be advised by Contreras."

While it is true "the trial court may not exercise its discretion 'so as to deprive the defendant or his attorney of a reasonable opportunity to prepare' " (*Doolin*, *supra*, 45 Cal.4th at p. 450), the court's denial of the continuance here does not support such a claim of error. First, we observe that at the sentencing hearing, defense counsel neither asserted, nor refused to proceed on the basis that he was unprepared to represent Contreras.

---

[3]     We note that the trial court stated in its denial of the continuance, "I know that I've now relieved Ms. Bond as counsel of record, but you certainly can file your motion while you're in state prison. There's law libraries up there, and there's assistance you can seek at that time . . . ." It is unclear to us what this remark means since from prison the only avenues to challenge the guilty pleas would be an appeal, like the instant one, or a writ petition, but not a motion. Nonetheless, as we explained, the court's finding that no good cause existed to continue the sentencing hearing was well supported by the record before it.

6

Second, counsel sought to withdraw Contreras's plea stating it was Contreras's request to do so.  This demonstrates to us that counsel had sufficient time before the sentencing hearing to discuss issues with Contreras, and counsel was prepared to represent Contreras.  No reasonable inference can be drawn from this record that counsel was unprepared.  Accordingly, we cannot conclude Contreras suffered a denial of due process or was deprived of adequate counsel by reason of the court's refusal to grant a continuance.[4]

Contreras also discusses numerous cases in which reviewing courts found a trial court abused its discretion by denying a continuance when counsel was unprepared or unavailable.  But none of those cases are like the facts before us which include:  a dilatory request for a continuance, without a justifiable excuse for the five-month delay in bringing the underlying motion, with no indication counsel was unprepared, and no showing of a beneficial outcome.  (See *People v. Seigler* (2025) 116 Cal.App.5th 596, 610–618 [trial court erred by denying motion for continuance made on first day of trial, for time to file a mental health diversion request, when counsel was not prepared for trial, record supported the defendant suffered from mental health issues, and anticipated benefits of obtaining mental health diversion were "potentially enormous"]; *People v. Fontana* (1982) 139 Cal.App.3d 326,

_____

[4]  Contreras, for the first time on appeal, claims counsel was "cut[] off" from gathering evidence of mitigating circumstances for a possible reduction in sentence.  This claim is forfeited.  (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [" '[Generally,] an appellate court will not consider claims of error that could have been—but were not—raised in the trial court' "].)  In any case, Contreras provides no reason why such evidence could not have been collected in the five months after entering his pleas.

332–334 [trial court erred by denying continuance made at probation revocation hearing for additional time to prepare, when counsel admitted he was not ready to proceed, provided reasons why, and listed tasks necessary to be prepare]; *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1400 [in a civil case, trial court erred by denying continuance where unavailability of trial counsel was not self-inflicted].)  Therefore, the cases cited by Contreras are unpersuasive given the situation before the trial court here.

But even were we to conclude that the trial court abused its discretion by denying the continuance, Contreras has not demonstrated prejudice under either the *Watson* or *Chapman* standard.  (*People v. Watson* (1956) 46 Cal.2d 818; *Chapman v. California* (1967) 386 U.S. 18.)  The record before us indicates that Contreras's pleas were voluntarily made.  At the plea hearing, Contreras confirmed defense counsel went through each of the plea forms with him, he understood the contents, and he had no questions.  The court's minute order similarly reflects Contreras knew and understood his constitutional rights, the nature of the charges, and the consequences of the plea.  Contreras also executed plea forms and imprinted his initials next to the terms stating, "No one has made any threats to me or anyone close to me, or placed any pressure of any kind on me in order to make me plead guilty" and "I have had adequate time to discuss with my attorney (1) my constitutional rights, (2) the consequences of any guilty plea . . . and (3) any defenses I may have to charges against me."  Thus, there is no indication Contreras would have prevailed on a motion to withdraw his pleas.  For these reasons, even if the court erred by denying the motion for continuance, Contreras has not demonstrated he suffered any prejudice.

8

## IV.  DISPOSITION

The judgment is affirmed.


                                        RUBIN, J.


WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.